```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

EDWARD F. DAVIS,

                    Plaintiff,              12 Civ. 1678

     -against-                               OPINION

CITIBANK, N.A.,

                    Defendant.

------------------------------------------X
```

A P P E A R A N C E S:

> Attorneys for the Defendant
>
> ZEICHNER ELLMAN & KRAUSE LLP
> 575 Lexington Avenue
> New York, NY 10022
> By:  Barry J. Glickman, Esq.
>      Greg M. Bernhard, Esq.
>
>
> Pro Se
> EDWARD F. DAVIS

**Sweet, D.J.**

Defendant Citibank, N.A. ("Citibank" or the "Defendant") has moved pursuant to Rule 37 of the Federal Rules of Civil Procedure to strike and/ or dismiss the complaint of pro se plaintiff Edward F. Davis ("Davis" or the "Plaintiff"). Alternatively, Citibank seeks an order from the Court to direct Plaintiff to appear for deposition on a date certain.

Upon the facts and conclusions set forth below, the motion is denied in part and granted in part.

**Prior Proceedings & Facts**

The following facts are drawn from the allegations in the complaint and submissions by the parties, and do not constitute findings by the Court.

In April 2009, Citibank used a Sears branded credit card account to the Plaintiff (the "Account"). In October 2010, Plaintiff failed to make the minimum monthly payments due on the Account.

1

As a result of the Plaintiff's payment defaults, on September 26, 2011, Citibank commenced an action, seeking to recover a sum in excess of $6,664.09, which was due in connection with the Account. See Citibank, N.A. v. Edward F. Davis, No. CV-11-1015, City Court of the City of Newburgh (the "City Court Action").

On December 30, 2011, Plaintiff served an answer to the City Court Action. On October 21, 2011, instead of asserting a counterclaim in the City Court Action, Plaintiff commenced an action in New York County, in which he alleged "multiple violations of consumer credit act and overcharges." Edward F. Davis v. Citibank, N.A., No. 3362 NSC 2011, Civil Court, New York County (the "Small Claims Action").

On February 13, 2012, Plaintiff commenced another action in New York County. Edward F. Davis v. Citibank, N.A., No. 101622/12, Supreme Court, New York County (the "State Court Action"). In the State Court Action complaint, Plaintiff alleged that Citibank used "unfair . . ., unconscionable . . . and harassing, threatening and otherwise abusive conduct" to collect a debt (State Court Action Compl. ¶¶ 8, 9). In addition, Plaintiff alleges violations of "consumer credit

2

protection laws" (Id. ¶ 3).  On March 7, 2012, Citibank removed the State Court Action to this Court.

At the time Plaintiff commenced the State Court Action he represented to Citibank that he would execute a stipulation of discontinuance of the Small Claim Action.  Plaintiff advised the court in the Small Claims Action of his intention to do so, in order for his claims could be resolved in one action and in one forum.  Accordingly, counsel for Citibank in the City Court Action sent Plaintiff stipulations of discontinuance for both the Small Claims Action and the City Court Action.

By a notice of motion dated March 21, 2012, Plaintiff sought leave to amend the complaint in the instant action to assert claims against Citibank of harassment and unfair debt collection practices.  On March 28, 2012, Citibank wrote to the Court regarding its desire to assert its claim from the City Court Action against Plaintiff in a counterclaim once the City Court Action, Small Claims Action and State Court Action were each dismissed and requested a conference with the Court to address Citibank's counterclaim and Plaintiff's motion to amend the complaint.

On April 3, 2012, Plaintiff was granted leave to file an amended complaint (the "AC") to include all relevant claims. Citibank was also granted leave to file an answer to the AC and assert a counterclaim in that pleading. In consideration of the multiple pending lawsuits, the Court advised Plaintiff to dismiss the Small Claims Action and suggested that Citibank should secure an order dismissing the City Court Action in order to facilitate one court as the exclusive forum in which the parties' disputes would be resolved.

Plaintiff and Citibank again appeared before this Court on October 24, 2012 for a status conference, at which time the Court established an expedited timetable for the completion of discovery and suggested that depositions of Plaintiff and one representative from Citibank should be sufficient. Plaintiff raised no objection to the court ordered deposition. Plaintiff filed the AC that day. (See Bernhard Decl. Ex. A).

On October 25, 2012 Citibank served an answer to the AC with affirmative defenses and counterclaims and served a deposition notice on the Plaintiff. (See id. Exs. B-C).

On November 6, 2012 Plaintiff served a "Reply

Affirmation in Opposition to Defendant's Request for Deposition and Motion for Protective Order" (the "Motion") by which he contended that, because he is pro se, he should not be required to submit to a deposition. (See id. Ex. D). The Motion sought a protective order because Plaintiff contended that he was unable to "obtain an attorney to attend the deposition[,]" that a "a deposition by oral examination considering that the plaintiff is pro se would be wrong[,]" and that the deposition "would be more burden than the plaintiff can handle." (Id.).

According to Citibank, on November 8, 2012, appeared at a hearing of the Small Claims Action and "explicitly advised he would not submit to a deposition unless directed to do so by the Court." (Id. Ex. E).

By an order dated November 15, 2012, this Court denied the Motion, and directed Plaintiff to appear for a deposition on November 29, 2012 (the "November 15 Order"). The November 15 Order instructed Plaintiff to testify about "any nonprivileged matter that is relevant to claims and/or defenses in this matter." (See id. Ex. E). Citibank's counsel scheduled and paid for fees for a court reporter in preparation for the Plaintiff's deposition. Plaintiff, however, failed to appear for his deposition on November 29, 2012.

5

On November 28, 2012, Plaintiff sent a "Memorandum and Note of Issue" (the "November 28 Submission"), in which he acknowledged receipt of the November 15 Order but reiterated his objection to the deposition. (See id. Ex. F). The November 28 Submission stated that "nothing is fair about letting the defendant interrogate me in their own office[,]" and that the deposition "would be more trauma than I can handle and open the door for further abuse of power. . . ." (Id.).

Defendants now move to strike the AC and/or have the action dismissed in its entirety with prejudice based on Plaintiff's failure to appear for his deposition and allegedly willful disobedience of the November 15 Order. The motion was filed on January 18, 2013 and marked fully submitted on February 15, 2013.

**The Standard for Sanctions**

It is well settled that a district court has "inherent power to regulate litigation, preserve and protect the integrity of the proceedings before it, and sanction parties for abusive practices." Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 72 (S.D.N.Y. 1991). Sanctions for failure to comply with a

6

court order is governed by Rule 37(b)(1) of the Federal Rules of Civil Procedure, which states that when a court "orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1).  Sanctions are also available, upon motion, for a party's failure to attend his own deposition.  Fed R. Civ. P. 37(d)(1)(A)(i).

A wide spectrum of sanctions is provided for by Rule 37.  The appropriateness of a given sanction is not guided by any clearly defined rule or doctrine but should be just, and should serve the guidelines outlined by the Second Circuit in Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67 (2d Cir. 1988).  Update Art outlined three purposes of Rule 37 sanctions: (1) they insure that a party will not benefit from failure to comply with discovery requests, (2) they are specific deterrents in a case to a particular party, and (3) they have "a general deterrent effect on the case at hand and on other litigation . . . ."  Id. at 71.

Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with . . . any order of the court."  Fed. R. Civ. P. 41(b).  The Second Circuit has

7

cautioned that dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). The following factors are to be considered by the district court prior to dismissing a case for failure to comply with a court order:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535.

The level of intentionality goes directly to the degree of severity of any sanction that may be warranted. Dismissal requires a showing of "willfulness, bad faith, or any fault" on the part of the sanctioned party. See Jones v. NFTA, 836 F.2d 731, 734 (2d Cir. 1987) (internal quotation marks and citation omitted). An adverse inference sanction may also be predicated on a finding of intentional misconduct, or fault in the form of gross negligence. See Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 267-68 (2d Cir.1999). In determining the degree of severity of the sanction warranted by the

8

particular level of intentionality, the best approach is a "case-by-case" one. Id. at 267.

Lastly, a court must be cognizant of the special latitude that pro se litigants may be awarded. See e.g., Lucas, 84 F.3d at 535 (explaining that district courts should "dismiss a pro se litigant's complaint only when circumstances are sufficiently extreme."); Webb v. Bermudez, No. 92 Civ. 7305, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (stating that "dismissal against pro se litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding."). However, "'[a]ll litigants, including pro ses, have an obligation to comply with court orders,' and failure to comply may result in sanctions, including dismissal with prejudice." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (citing Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990)). Thus, "dismissal of a pro se litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'" Id. (citing Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994)).

**The Deposition Will Be Rescheduled**

9

In consideration of Plaintiff's pro se status, and upon review of the record, the extreme sanction of dismissal of this action is not appropriate at this time.

Defendant, however, has submitted sufficient evidence that Plaintiff exhibits an apparent unwillingness to participate fully in the discovery process. The November 15 Order denied Plaintiff's motion for a protective order and provided adequate notice with regard to Plaintiff's deposition, including the date in which he was to appear. Plaintiff knowingly and willfully refused to participate in his deposition, despite the November 15 Order. Indeed, Plaintiff repeated his refusal in his November 28 Submission to the Court.

Accordingly, Plaintiff's deposition shall be held on a date mutually agreeable to the parties on or before 20 days of this Order. Plaintiff is directed to appear for his deposition and cooperate fully in answering questions regarding any nonprivileged matters relevant to the claims or defenses in this action. Any failure by the Plaintiff to cooperate with scheduling the deposition, to appear for the deposition or to follow the terms of this Order, may result in dismissal of the case with prejudice and/or sanctions in the form of reasonable costs that the Defendant will incur in scheduling the

10

deposition, including but not limited to court reporter fees and attorneys' fees.

**Conclusion**

For the foregoing reasons, the Defendant's motion is denied in part and granted in part.

It is so ordered.

New York, NY
March, 7, 2013

_____
ROBERT W. SWEET
U.S.D.J.

11